```
UNITED STATES DISTRICT COURT              CV 13      0008
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
MICHAEL YANDER and                               DEARIE, J.
BRENDAN LANG
            Plaintiffs,
                                                 COMPLAINT &
     v.                                          JURY DEMAND

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
AHMED KHAN, 61st Precinct,
NEW YORK CITY POLICE OFFICER JOHN DOE,
61st Precinct,
                                                 MANN, M.J.
            Defendant(s).
-------------------------------------------------X
```

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiffs, MICHAEL YANDER and BRENDAN LANG, seek redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections

2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiffs, MICHAEL YANDER and BRENDAN LANG are United States Citizens and residents of the United States, and at all times relevant herein are residents of the State of New York.

8. Defendants NEW YORK CITY POLICE OFFICER AHMED KHAN, and NEW YORK CITY POLICE OFFICER JOHN DOE both of the 61st Precinct, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICERS KHAN and DOE are sued individually and in their official capacity. At all times relevant, Defendant OFFICERS KHAN and DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant OFFICERS KHAN and DOE were acting for and on

behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers and maintenance of police facilities as said risk attaches to the public consumers of the services provided by its NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York and Defendant CITY OF NEW YORK. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers and maintenance of police facilities.

## STATEMENT OF FACTS

11. On September 19, 2010 at approximately 11:00 p.m., Plaintiffs, who are friends and neighbors, were on their way home when an individual asked them for a cigarette. As Plaintiff BRENDAN LANG gave the passerby a cigarette, Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN approached Plaintiff YANDER and asked him for identification. In response to this inquiry by Defendant Officer KHAN, Plaintiff YANDER asked Defendant Officer KHAN why he needed to see identification. Defendant Officer KHAN replied that he did not need to give Plaintiff YANDER a reason for the production of identification. Plaintiff YANDER proceeded to attempt get his identification out of his wallet as per Defendant Officer KHAN'S order. Prior to being able to retrieve his identification Defendant Officer KHAN positioned himself directly in front of Plaintiff YANDER and began to yell at Plaintiff YANDER regarding his identification. Plaintiff YANDER was then suddenly and violently shoved against a wall by Defendant OFFICER KHAN and then thrown on the ground face first, by Defendant OFFICERS KHAN and JOHN DOE, causing multiple abrasions and lacerations to Plaintiff YANDER'S hands, shoulders and knees, as well as an injury to his right ankle. Defendant OFFICER KHAN proceeded to handcuff Plaintiff YANDER'S hands tightly behind his back. As Plaintiff LANG observed the aforementioned, he asked Defendant OFFICER KHAN and Defendant OFFICER DOE why they were treating Plaintiff YANDER in this matter, whereupon Defendant KHAN told Plaintiff LANG that he was going to be arrested also, whereupon Plaintiff LANG was handcuffed with his hands behind his back by Defendant OFFICER DOE. Both Plaintiffs were subsequently searched and transported to the 61st precinct, where they each remained in the custody of the NEW YORK CITY POLICE DEPARTMENT for

several hours prior to being released with summonses being issued to each Plaintiff by Defendant OFFICER KAHN charging the Plaintiffs with Disorderly Conduct (New York State Penal Law Section 240.20). Both Plaintiffs were required to hire counsel to defend themselves against the false accusations of Defendant OFFICER KHAN, which were ultimately dismissed in Kings County Criminal Court on December 2, 2010. As a result of the conduct alleged against Defendant OFFICER KHAN and OFFICER DOE, Plaintiff YANDER suffered physical pain to his hands, knees, shoulders and ankle for approximately one month after the alleged incident, as well as emotional upset, public humiliation and embarrassment.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, unlawful arrest.**

12. Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEWYORK CITY POLICE OFFICER KHAN, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully and falsely arresting, detaining and searching Plaintiff MICHAEL YANDER, without probable cause.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN, 61st Precinct, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE

DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff MICHAEL YANDER.

## SECOND FEDERAL CLAIM

### Violation of rights secured by section 42 U. S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, unlawful arrest

15. Plaintiffs incorporate by reference the allegations set forth in paragraphs One through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN, 61st Precinct, acting under color of State Law violated section 42 U.S.C. 1983 by unlawfully and falsely arresting and detaining Plaintiff BRENDAN LANG without probable cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN, 61st Precinct, occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff BRENDAN LANG.

## THIRD FEDERAL CLAIM

### Violation of the rights secured by section 42 U.S.C. 1983- Excessive Force

18. Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Plaintiff MICHAEL YANDER was subjected to the excessive use of force by Defendants NEW YORK CITY POLICE OFFICER AHMED KHAN, 61st Precinct, and Defendant

NEW YORK CITY POLICE OFFICER JON DOE which force was undue and excessive in effectuating the arrest of Plaintiff MICHAEL YANDER resulting in the aforementioned and hereinafter mentioned injuries to Plaintiff MICHAEL YANDER.

20. As a consequence of Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN'S actions, Plaintiff MICHAEL YANDER suffered and continues to suffer physical injury, great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT.

## FOURTH FEDERAL CLAIM

### Violation of the Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search

21. Plaintiffs incorporate by reference each of the allegations contained in paragraphs One through Twenty (20) as if fully set forth herein.

22. Plaintiffs MICHAEL YANDER and BRENDAN LANG were subjected to an unlawful search by Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN, 61st Precinct, resulting in the aforementioned and hereinafter mentioned injuries to Plaintiffs MICHAEL YANDER and BRENDAN LANG.

23. As a consequence of Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN'S actions Plaintiffs MICHAEL YANDER and BRENDAN LANG have suffered and continues to suffer great fear and mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIFTH FEDERAL CLAIM

**Violation of Rights secured by section 42 U.S.C 1983- Malicious Prosecution**

24. Plaintiffs incorporate by reference each of the allegations contained in Paragraphs One through Twenty Three (23) as if fully set forth herein.

25. Plaintiffs MICHAEL YANDER and BRENDAN LANG were subjected to malicious prosecution by Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN, who initiated a criminal prosecution of Plaintiffs YANDER and LANG, without basis in fact or law.

26. As a consequence of the actions of Defendant NEW YORK CITY POLICE OFFICER AHMED KHAN, Plaintiffs MICHAEL YANDER and BRENDAN LANG suffered the incurrence of legal fees and loss of time from employment, as well as extreme emotional upset, public humiliation and embarrassment.

**WHEREFORE,** the Plaintiffs demand the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against Defendant New York City Police Officer AHMED KHAN.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 31, 2012

_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiffs
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax (212) 227-2330
E: vbrownlaw@yahoo.com